IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 11-31 |
| | ) | |
| DARRELL LIDDLE, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge

Defendant Darrell Liddle ("Liddle") is serving concurrent 130-month sentences of imprisonment on two counts of possession with intent to distribute and distribution of less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 117.) Liddle filed this motion for reconsideration of the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 137.) For the reasons that follow, Liddle's motion for reconsideration will be denied.

Liddle must show (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *United States v. Fitzpatrick*, No. 09-174, 2015 WL 6737027, at *3 (D.N.J. Nov. 3, 2015), *aff'd sub nom. United States v. Rush*, — F. App'x —, No. 15-3806, 2016 WL 1128404 (3d Cir. Mar. 23, 2016). Liddle fails to demonstrate any of the above.

Liddle argues he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) because of Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). Amendment 782 lowered offense levels for those sentenced under the drug quantity tables in U.S.S.G. §§ 2.D1.1 and 2.D.1.11. Liddle's guideline range was, however, determined by the career offender guideline range found in U.S.S.G. § 4B1.1, not the drug quantity table found in § 2D1.1. *See* (ECF No. 115 ¶ 3 (tentative findings adopted as final at Liddle's sentencing hearing).) Therefore, the changes that Amendment 782 made to § 2D1.1 did not impact Liddle's sentence. The United States Court of Appeals for the Third Circuit has reached this same conclusion. *United States v. Thompson*, — F.3d —, No. 15-3086, 2016 WL — (3d Cir. June 7, 2016); *Rush*, — F. App'x at —, 2016 WL 1128404, at *2 ("Amendment 782, which alters the offense levels for drug crimes but does not affect the offense levels for career offenders, would not lower Rush's applicable guidelines range . . . ." (citing *United States v. Flemming*, 723 F.3d 407, 412 (3d Cir. 2013))); *United States v. Ware*, — F. App'x —, No. 15-3015, 2016 WL 611447, at *2 (3d Cir. Feb. 16, 2016); *accord United States v. Snow*, 634 F. App'x 569, 573 (6th Cir. 2016); *United States v. Whitfield*, 620 F. App'x 731, 733 (11th Cir. 2015); *United States v. Gray*, 630 F. App'x 809, 812 (10th Cir. 2015); *United States v. Campbell*, No. 09-274, 2015 WL 6828770, at *1 (W.D. Pa. Nov. 6, 2015); *United States v. Miller*, No. 01-428, 2015 WL 6735916, at *4 (E.D. Pa. Nov. 4,

2015); *United States v. Jones*, No. 04-313, 2015 WL 4393748, at *2 (W.D. Pa. July 16, 2015).

Liddle does not otherwise point to a change in the law, new evidence, or clear error. Consequently, his motion for reconsideration will be denied.

**DATED**: June 7, 2016

/s/ **JOY FLOWERS CONTI**
Joy Flowers Conti
Chief United States District Judge